**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON L. STRIBLING,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>R. MOTT; et al.,<br><br>     Defendants-Appellees. | No. 16-16562<br><br>D.C. No. 2:16-cv-00400-CKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding[**]

Submitted May 8, 2017[***]

Before: REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

California state prisoner Aaron L. Stribling appeals pro se from the district

court's judgment dismissing for failure to prosecute his 42 U.S.C. § 1983 action

alleging excessive force and deliberate indifference to his serious medical needs.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] Stribling consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

 [***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004). We vacate and remand.

Because the record shows that Stribling stood on his complaint, the district court abused its discretion in converting its 28 U.S.C. § 1915A screening dismissal with leave to amend into a sanction under Federal Rule of Civil Procedure 41(b) for failing to comply with a court order. *See Edwards*, 356 F.3d at 1064-65 (dismissal under Rule 41(b) is not appropriate where the plaintiff makes an affirmative choice not to amend the complaint).

Moreover, the district court improperly determined that Stribling failed to exhaust his administrative remedies because Stribling alleged he had grieved his claims but could not complete the process because he had not received a timely response to his second level appeal. *See Jones v. Bock*, 549 U.S. 199, 204, 216 (2007) (exhaustion is an affirmative defense that ordinarily should be raised and proved by the defendant); *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (the state bears the burden of proving that a prisoner did not exhaust available administrative remedies); *see also Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010) (exhaustion is not required where administrative remedies are

"effectively unavailable" because an appeal is improperly screened).  Because an exhaustion defense is not obvious from the face of Stribling's complaint, we vacate the judgment and remand for further proceedings.

Stribling's motion (Docket Entry No. 6) is denied as moot.

**VACATED and REMANDED.**